## JASON KEITH *vs.* CHESHIRE RAILROAD CORPORATION.

No action lies on *St.* 1841, *c.* 125, to recover double the damages sustained by reason of the neglect of a railroad corporation to comply with an order of the county commissioners, requiring them to construct and maintain embankments, &c. for the benefit of the owner of land through which their road is laid out, unless the time within which such structures are to be made is prescribed in the order.

DEWEY, J. This is an action on the statute of 1841, *c.* 125, brought by the owner of land through which the defendants' railroad has been laid out, for the recovery of double damages for the neglect of the defendants to comply with an order of the county commissioners requiring them to construct and maintain, for the use and accommodation of the plaintiff, two crossings at grade over their railroad, for teams and carriages, with suitable approaches thereto.

This being a penal action in its character, the plaintiff must be held strictly to bring his case within the statute giving the remedy. This statute, § 1, authorizes the county commissioners, when assessing damages to the owners of land taken for a railroad, to direct the railroad corporation, in addition to the pecuniary damages which may be assessed upon them, " to construct and maintain such embankments, drains, culverts, walls, fences, or other structures, as said commissioners shall judge reasonable for the security and benefit of such landowners ; " and further enacts that " in their order the commissioners shall prescribe the time within which, and the manner how, such structures shall be made." If the corporation neglect to comply with the requisitions thereof; in addition to other remedies, the statute gives the landowner an action on the case, wherein he shall be entitled to recover double the damages he has sustained by reason of such neglect ; provided the corporation has so neglected for more than forty eight hours after notice.

The order of the county commissioners, directing the defendants to make certain structures for the benefit of the plaintiff, wholly omitted to prescribe any time, within which the said structures should be made. This omission as to the time is, we

think, fatal to the maintenance of the present action. The duty of the county commissioners was imperative upon this point. The right to recover double damages is founded by the statute upon the neglect to comply with such an order as provided in the statute.

What other remedy, if any, exists for the plaintiff to compel the defendants to erect these structures, we have not particularly considered. *Judgment for the defendants.*

*N. Wood,* for the plaintiff.

*G. F. Hoar,* for the defendants.